UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KAREN SNYDER AND<br>ELLEN WILLIAMS | CIVIL ACTION |
| VERSUS | NO. 13-4752 |
| JOSEPH A. ASERCION AND<br>BONNIE MOREL | SECTION: "C" (5) |

## ORDER AND REASONS[1]

Before this Court is a motion to dismiss defamation claims brought by plaintiffs, Karen Snyder ("Snyder") and Ellen Williams ("Williams"). Rec. Doc. 13. Defendant, Joseph Asercion ("Asercion") opposes the motion. Rec. Doc. 16. Before this Court, also, is third-party defendants' motion to dismiss the third-party complaint. Rec. Doc. 14. Defendant/third-party plaintiff, Asercion, opposes this motion. Rec. Doc. 17. Having considered the record, the memoranda of counsel and the law, the Court has determined that the plaintiffs' motion to dismiss is PARTIALLY GRANTED and PARTIALLY DENIED and the third-party defendants' motion to dismiss is GRANTED.

## I. BACKGROUND

This case arises out of a residential property sale in New Orleans, Louisiana between the seller, Asercion, who is a defendant along with his real estate agent, Bonnie Morel, and the buyers, Snyder and Williams, who are the plaintiffs. Rec. Doc. 1 at 3-4. In the transaction, the plaintiffs were represented by Natalie Lafont ("Lafont") and Tracy Talbot ("Talbot"), who are real estate agents of Talbot Historic Properties, LLC ("THP"); Lafont, Talbot and THP have

---

[1] Jennifer Watkins, a third-year student at Tulane University Law School, assisted in the preparation of this Order and Reasons.

1

been brought in as third-party defendants by defendant/third-party plaintiff Asercion. Rec. Doc. 9 at 20.

According to the complaint, plaintiffs intended to buy a property with two units and sought out defendants' property because it was listed as a "multifamily" property with two units. Rec. Doc. 1 at 3. Plaintiffs stated they encountered problems after the closing when they attempted to set up two electrical meters but were told they would be unable to do so unless they obtained a zoning variance from the city of New Orleans. Rec. Doc. 1 at 6. During this period, they also learned that the property's rear unit, raised and remodeled in 2006 by defendant Asercion, had been built without the necessary city permits and zoning variances. Rec. Doc. 1 at 6-7. The plaintiffs petitioned the city for a zoning variance but were denied. Rec. Doc. 1 at 8. The plaintiffs allege fraud and misrepresentation on the part of the defendants in the purchase of the property, in particular that on the "Property Disclosures," the defendants reported that the present usage of the property did not conflict with "zoning, building and/or safety restrictions," and that they had obtained the "necessary permits and inspections. . . for all additions or alternations." Rec. Doc. 1 at 4. Furthermore, the plaintiffs allege negligent misrepresentations on the part of the defendants because when they had inquired about the electrical bills, they were lead to be believe that the two electric meters could be billed separately and were not "electrically" tied together, neither of which turned out to be true. Rec. Doc. 1 at 5.

In his answer to the complaint, defendant Asercion filed a counterclaim pursuant to Federal Rule of Civil Procedure 13 against the plaintiffs for defamation, both for plaintiffs' alleged statements made while "roaming about town" accusing him of fraud in connection with the property sale and for accusing him of fraud within the complaint of this lawsuit . Rec. Doc. 9

at 17; Rec. Doc. 16 at 2.

## II. STANDARD OF REVIEW

In general, when considering a motion to dismiss under Rule 12(b)(6), the court must take the well-pleaded factual allegations of the complaint as true. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). Although courts are required to take as true all factual allegations in the complaint, they are not bound to accept labels, conclusions, or formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right of relief above the speculative level. The pleading must contain something. . . more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations and quotations omitted). The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

To defeat a motion to dismiss, a complaint must "contain either direct allegations on every material point necessary to sustain recovery" or "contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citations omitted). Therefore, a plaintiff must "plead specific facts not mere conclusory allegations" to avoid dismissal for failure to state a claim. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

## III. LAW AND ANALYSIS

**A. Motion to Dismiss Claim of Defamation**

In his counterclaim, defendant Asercion brings a claim of defamation against the

plaintiffs arising out of two separate events. Rec. Doc. 16 at 5. First, Asercion asserts that plaintiffs accused him of fraud "in written and/or spoken word," while "roaming about in public." *Id.* Defendant Asercion also alleges that the plaintiffs defamed him based on what was written in their complaint in this lawsuit. *Id.* The plaintiffs have moved to dismiss the defamation claims. Rec. Doc. 13.

Given the low bar to survive a 12(b)(6) motion to dismiss, this Court is willing to permit the defendant's claim of defamation while "roaming about in public" to survive. More specific facts to prove a right of relief are easily discoverable and consequently, reserved for summary judgment, if appropriate.

However, this Court finds that the defendant's claim of defamation in regards to the accusations of fraud made within the complaint should be dismissed at the present time. Since this Court's subject matter jurisdiction is based on diversity of citizenship, the Court must respect and apply Louisiana law to any of the state law claims. It is clear that the defendant's claim of defamation premised on the accusation of fraud in the plaintiffs' complaint is premature based on Louisiana law:

> It is also well settled in the jurisprudence of this state than an action for libelous statements made by a party litigant cannot be maintained until the proceeding in which such allegations are made has terminated, as the cause of action did not arise until the party making the allegations has had the opportunity of proving the truth of the allegations in the proceedings in which they are made.

*Loew's Inc., v. Don George, Inc.*, 110 So. 2d 553, 561 (La. 1959) (quotations and citations omitted); *see also Flour Ocean Services, Inc. v. Hampton*, 502 F.2d 1169, 1170 (5th Cir. 1974) ("With consistent frequency the Louisiana courts have applied this well settled principle."). Insofar as defendant's claim of defamation relates to the plaintiffs' allegations in their complaint,

the motion to dismiss is GRANTED. Whereas the defendant's claim of defamation relates to the written and/or spoken statements made by the plaintiffs "roaming about in public" the motion to dismiss is DENIED.

**B. Motion to Dismiss Third-Party Complaint**

Defendant/third-party plaintiff Asercion alleges that the third-party defendants breached their duties as licensed real estate brokers they owed both Asercion and the plaintiffs, specifically by failing to alert Asercion or Morel that the plaintiffs had specific requirements in purchasing the property, by advising the plaintiffs to disregard the concerns of the home inspector, and by failing to investigate the zoning of the property. Rec. Doc. 9 at 22-23. Asercion seeks indemnification and/or reimbursement for any amount he should be required to pay plaintiffs that are a result of the third-party defendants' negligence. Rec. Doc. 17 at 6. The third-party defendants have moved to dismiss the third-party complaint for the failure to state a claim upon which relief can be granted. Rec. Doc. 14.

For the purposes of a 12(b)(6) motion to dismiss, this Court will take the factual allegations to be true. However, in order for these duties to have been breached to give rise to a suit, the third-party defendants must have a duty to the third-party plaintiff. "Whether a duty is owed is a question of law." *Verdin v. Rogers*, 03-1457 (La. App. 5 Cir. 4/27/04); 873 So. 2d 804, 807 (citing *Lazard v. Foti*, 02-2888 (La. 10/21/03); 859 So. 2d 656). In *Verdin*, the Louisiana Court of Appeals for the Fifth Circuit refused to extend, based on jurisprudence, the duties owed by a purchaser's real estate agent to a third party. *Id.*

Furthermore, Louisiana state courts have found that a real estate agent owes its clients no duty to independently check the zoning status of a property when all parties involved believed

5

that the current use of a property to be appropriate, as is the situation here. *Romano v. GBS Properties, LLC*, 2008 WL 8922904, at *3 (La. App. 4th Cir. Mar. 5, 2008).

The only potential duty owed by the third-party defendants to the plaintiff that Asercion alleges the third-party defendants could have breached would be the advice to disregard the concerns of the housing inspector. However, even assuming this duty or any other duty was breached, this Court holds that the defendant is not entitled to indemnification and/or reimbursement for any amount he is required to pay plaintiffs that is a result of the third-party defendants' negligence. This Court agrees with the third-party defendants that this allegation of third-party fault does not give rise to a third-party demand under Louisiana law.

"Contribution permits a tortfeasor who has paid more than his share of a *solidary obligation* to seek reimbursement from the other tortfeasor for their respective shares of the judgment, which shares are proportionate to the fault of each." *Hamway v. Braud*, 01-2364 (La. App. 1 Cir. 11/8/02); 838 So. 2d 803, 807 (emphasis in original). As such, "contribution is allowed only among tortfeasors who are solidarily liable." *Id.* (citing *Thompson v. Harrington*, 99-571 (La. App. 3 Cir. 10/13/99); 746 So. 2d 652, 658).

In 1996, the Louisiana Civil Code Articles 2323 and 2324 were amended "to abolish solidary liability among non-intentional tortfeasors and to place Louisiana in a pure comparative fault system." *Dumas v. State ex rel. Dept. of Culture, Recreation & Tourism*, 02-563 (La. 10/15/02); 828 So. 2d 530, 535. Article 2323 "requires that the fault of every person responsible for a plaintiff's injuries be compared." *Id.* at 537; *see also* La. Civ. Code Ann. art. 2323. Article 2324(B) "abolishes solidarity among non-intentional tortfeasors, and makes each non-intentional tortfeasor liable only for his own share of fault, which must be quantified pursuant to Article

2323." *Dumas* 828 So. 2d at 537 (internal footnotes omitted); *see also* La. Civ. Code Ann. art. 2324(B). Because these articles only hold tortfeasors liable for their percentage of fault, they eliminate the need to seek contribution from other tortfeasors. The right of contribution among non-intentional tortfeasors has essentially "disappeared since it is no longer necessary." *Dumas*, 828 So. 2d at 538.

In this case, the plaintiffs seek damages due to the alleged fraud and negligent misrepresentations of the defendants. If judgement is entered in favor of the plaintiffs, the defendants can only be liable for their own degree of fault. As such, there is no legal basis for contribution or reimbursement.

This Court notes that the Louisiana Supreme Court in *Dumas* did not hold that the amendment of the comparative fault articles eliminated the right to seek indemnification. *See Kadlec Med. Ctr. V. Lakeview Anethesia Assocs.*, No. Civ. A. 04-997., 2005 WL 1155767, at *2 (E.D. La. May 11, 2005); *Campo v. John Fayard Fast Freight, Inc.*, No. Civ. A. 07-3690., 2003 WL 22229300, at *2 (E.D. La. Sept. 26, 2003). This is because indemnity is based on the concept of unjust enrichment and "may lie when one party discharges a liability which another rightfully should have assumed." *Nassif v. Sunrise Homes*, 98-3193 (La. 6/29/99); 739 So. 2d 183, 185. Except in situations where there is an express contractual provision, tort "indemnity arises only where the liability of the person seeking indemnification is solely constructive or derivative." *Id.* Accordingly, if the fault alleged against the would-be indemnitee is actual or active, tort indemnity is unavailable. *See Lombard v. New Orleans Naval Project Comm'n*, No. Civ.A.03-3020., 2004 WL 2988483, at *6 (E.D. La. Dec. 10, 2004); *Mayo v. Benson Chevrolet Co., Inc.*, 97-1121 (La. App. 5 Cir. 8/25/98); 717 So. 2d 1247, 1248.

Here, the plaintiffs allege actual fraud and negligent misrepresentation.  Because the plaintiffs' recovery would not be based on "solely constructive or derivative" liability, defendant/third-party plaintiff Asercion would not be entitled to tort indemnity.  Additionally, contractual indemnity is unavailable here since there was no agreement between Asercion and the third-party defendants that would give rise to contractual obligations.  As such, this Court finds that indemnity is unavailable given the circumstances of this case.  Asercion has requested that this Court grant him the opportunity to amend his pleadings to cure any procedural or factual deficiencies.  Rec. Doc. 17 at 8-9.  However, this Court finds that because indemnity is unavailable, an amendment to the pleadings would not cure any deficiencies and would be futile in this case.

Accordingly,

IT IS ORDERED that the motion to dismiss filed by the plaintiffs is PARTIALLY GRANTED and PARTIALLY DENIED.  (Rec. Doc. 13).  The motion to dismiss filed by the third-party defendants is GRANTED (Rec. Doc. 14).

New Orleans, Louisiana this 13th day of November, 2013.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**